SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 2 9 2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GENEVA AIKEN,

                    Plaintiff,

       -v-

MTA NEW YORK CITY TRANSIT, DONALD
HOUSTON, In His Individual and Official Capacities,
PHAKESIA MURPHY, In Her Individual and Official
Capacities, ALFRED CAMINERO, In His Individual and
Official Capacities,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

18 CV. 11756 (GBD) (DF)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Geneva Aiken brings this religious employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. (the "NYSHRL"), the New York City Human Rights Law, Admin. Code § 8-107 et seq. ("NYCHRL"), and 42 U.S.C. § 1983 ("Section 1983") against Donald Houston ("Houston"), Phakeshia Murphy ("Murphy"), Alfred Caminero ("Caminero") (collectively, the "Individual Defendants"), and MTA New York City Transit (the "MTA," and together with the Individual Defendants, "Defendants"). Plaintiff contends that she was discriminated against, retaliated against, and subjected to a hostile work environment due to her religious beliefs.

Before this Court is Magistrate Judge Debra Freeman's September 2, 2021 Report and Recommendation (the "Report"), recommending that Defendants' motion be granted in part and denied in part. (Report, ECF No. 70, at 68-69.) Specifically, Magistrate Judge Freeman recommended that Defendants' motion for summary judgment be denied as to (1)

Plaintiff's Title VII discrimination claim against the MTA for Plaintiff's demotion; (2) Plaintiff's NYSHRL discrimination claim against the MTA and Caminero (both as a direct actor and as an aider-and-abettor of the MTA) for Plaintiff's demotion; (3) Plaintiff's NYCHRL claims against the MTA and Caminero for discriminatory and retaliatory demotion and; (4) Plaintiff's NYCHRL claims against all Defendants for subjecting her to a hostile work environment, discrimination, and retaliation from coercive and/or threatening comments allegedly made by the Individual Defendants. (*Id.*) Magistrate Judge Freeman recommended that Defendants' motion for summary judgment be granted as to all of Plaintiff's other claims. (*Id.*)

Magistrate Judge Freeman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 69-70.) Defendants filed timely objections on September 27, 2021. (Defs.' Objs. to R. &. R. ("Defendants' Objections"), ECF No. 73.) Plaintiff did not file any objections. Having reviewed Magistrate Judge Freeman's Report, as well as Defendants' objections, this Court ADOPTS the Report in full and overrules Defendants' objections.

## I. FACTUAL BACKGOUND[1]

Plaintiff is a Baptist, a member of the New Life Christian Center, and holds Sundays as her Sabbath, which means that her religious beliefs do not permit her to work on Sundays. (Report at 2.) Plaintiff is a former employee of the MTA where she worked as a Bus Operator until she was promoted to a probationary Surface Line Dispatcher ("SLD") on December 8, 2016. (*Id.* at 2-3.) Plaintiff sought a religious accommodation to have Sundays off from work but alleges that her requests were met with threats of "consequences" from the Individual Defendants if she continued to inquire. (*Id.* at 4-11.) Plaintiff claims that Defendant Caminero effectively demoted her from

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

her SLD position on January 25, 2018. (*Id.* at 18.) Defendants state that Plaintiff was demoted for unsatisfactory performance; Plaintiff states she was advised that her demotion was due to poor attendance. (*Id.*) Plaintiff claims that when she was informed about her demotion, Defendant Caminero asked her "[I]f you knew that you were going to be terminated [from her probationary position as an SDL], would you have come to work on Sundays?" (*Id.* at 19.) She also claims she was denied proper training for her position and given poor performance evaluations due to her accommodation requests. (*Id.* at 11-17.) Plaintiff resigned on August 6, 2018. (*Id.* at 21.)

## II. LEGAL STANDARDS

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at \*3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon

review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## B. Rule 56 Motion for Summary Judgment.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material when it "might affect the outcome of the suit under the governing law." *Id.* at 682 (quoting *Anderson*, 477 U.S. at 248).

The party seeking summary judgment has the burden of demonstrating that no genuine issue of material fact exists. *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). In turn, to defeat a motion for summary judgment, the opposing party must raise a genuine issue of material fact. *See Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002). To do so, it "must do more than simply show that there is some metaphysical doubt as to the material facts," *id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)), and it "may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)). Rather, the opposing party must produce admissible evidence that supports its pleadings. *See First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289–90 (1968). In this regard, "[t]he 'mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

4

In determining whether a genuine issue of material fact exists, the court must construe the evidence in the light most favorable to the opposing party and draw all reasonable inferences in that party's favor. *See id.* However, "a court must not weigh the evidence, or assess the credibility of witnesses, or resolve issues of fact." *Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir. 2016) (citation omitted). Summary judgment is therefore "improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." *Marvel*, 310 F.3d at 286.

## III. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IS GRANTED IN PART

Defendants' Objections rehash the same arguments made in Defendants' summary judgment brief (Defs. Mot. Summ. J. at 14-24.) Thus, the Court reviews for clear error.

### A. Discrimination Under Title VII and NYSHRL

Under Title VII and NYSHRL, a plaintiff makes out a *prima facie* case of discrimination by showing that: (1) she belongs to a protected class; (2) she was qualified for the position at issue; (3) she suffered an adverse employment action; and (4) the action occurred under circumstances giving rise to an inference of discrimination. *Espinoza v. New York City Dep't of Transportation*, 304 F. Supp. 3d 374, 387 (S.D.N.Y. 2018). If a plaintiff successfully presents a *prima facie* case, the burden shifts to defendant to proffer one or more legitimate, non-discriminatory reasons for the adverse employment action. *Id.* To prevail on her case, the plaintiff must then demonstrate that the proffered reason or reasons are a pretext for discrimination. *Id.* (citing *United States v. City of New York*, 717 F.3d 72, 102 (2d Cir. 2013)).

Here, there is no dispute the Plaintiff is a member of a particular religion which qualifies as a protected class under governing law. *St. Juste v. Metro Plus Health Plan*, 8 F. Supp. 3d 287, 302 (E.D.N.Y. 2014). While Defendants' contend that Plaintiff was not qualified to be a SLD, she did pass the test and was promoted into the position. (Report at 45.) Further, Defendants do not

object to the Report's conclusion that Plaintiff's demotion, alleged denial of training, and her poor performance evaluations constituted adverse employment actions for a *prima facie* case of discrimination. (Defendants' Objections at 29-37.) Plaintiff satisfies the burden of the first three elements of her Title VII and NYSHRL claims.

Defendants object to Magistrate Judge Freeman's conclusion that Plaintiff adequately demonstrated that her demotion occurred under circumstances giving rise to an inference of discrimination against (1) the MTA under Title VII and (2) the MTA and Caminero under NYSHRL. (Defendants' Objections at 29-31.) Defendants also object to Magistrate Judge Freeman's conclusion that it was a triable issue of fact as to whether Plaintiff's poor performance was a pretext for discrimination. (*Id.* at 31-33.)

Defendant Caminero was a key decision maker for Plaintiff's demotion and "at the very time when Caminero informed [Plaintiff] of the demotion decision, he asked her whether she would have come to work on Sundays, had she known she was going to be demoted." (Report at 49.) Plaintiff understood that she was being demoted for taking Sundays off for her religious observance. (Pl. 56.1 Counter Statement, ECF No. 64, ¶ 144.) Magistrate Judge Freeman properly found that the timing of Caminero's comment and Plaintiff's testimony could give rise to an inference that she was demoted, in part, based on discrimination by Caminero. (*Id.*) The burden to establish a *prima facie* case has been held to be "*de minimis*" and Plaintiff adequately meets the burden here. *See Abdu-Brisson v. Delta Air Lines, Inc.,* 239 F.3d 456, 467 (2d Cir. 2001).

Magistrate Judge Freeman also correctly held that a factfinder could conclude that Plaintiff's poor performance being the *sole* reason for her demotion was a pretext for discrimination. (Report at 53.) Plaintiff's burden is to show that Defendants' non-discriminatory reason was "not the only reason[]" and that discrimination "was at least one of the motivating

6

factors for the decision." *Smith v. New York & Presbyterian Hosp.*, 440 F. Supp. 3d 303, 328 (S.D.N.Y. 2020) (citation omitted). Plaintiff has met that burden here. Moreover, this Court agrees with Magistrate Judge Freeman that Defendants' shifting explanations for Plaintiff's demotion— between poor attendance and poor performance—could be additional evidence of pretext. (Report at 54-55.)

As for any discriminatory demotion claim against Murphy or Houston, Magistrate Judge Freeman correctly concluded that there is no evidence that either of them were involved in the decision to demote Plaintiff. (*Id.* at 49-50.) Thus, summary judgment is granted as of Murphy and Houston on Plaintiff's discriminatory demotion claims.

Magistrate Judge Freeman properly found the circumstances surrounding Plaintiff's alleged denial of training and poor performance evaluation void of any inference of discrimination. (Report at 50-52.) Plaintiff failed to include any evidence on how the other probationary SDLs, who purportedly received training and better performance ratings, were similarly situated (except for their religion) with Plaintiff. (*Id.*); *see Whethers v. Nassau Health Care Corp.*, 956 F. Supp. 2d 364, 378-79 (E.D.N.Y. 2013) (noting that "the Second Circuit requires that [a] plaintiff demonstrate that she was 'similarly situated in all material respects' to the individuals with whom she seeks to compare herself" (citing *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000)), *aff'd*, 578 F. App'x 34 (2d Cir. 2014).

Thus, Defendants' motion for summary judgment is granted as to all federal and state discrimination claims except (1) under Title VII, as to the MTA for Plaintiff's demotion and (2) under NYSHRL, as to the MTA and Caminero for the same.

## B. Retaliation Under Title VII and NYSHRL

Magistrate Judge Freeman correctly concluded that summary judgment should be granted to Defendants as to Plaintiff's retaliation claims under both Title VII and NYSHRL. A *prima facie* retaliation claim under Title VII and the NYSHRL requires a plaintiff to show that (1) she engaged in a protected activity; (2) her employer was aware of this activity; (3) the employer took adverse employment action against her; and (4) a causal connection exist[ed] between the alleged adverse action and the protected activity." *Maynard v. Montefiore Med. Ctr.*, No. 18cv8877 (LAP), 2021 WL 396700, at *6 (S.D.N.Y. Feb. 4, 2021). Retaliation claims require a heightened standard of causation than discrimination claims, namely, that the protected activity was a "but-for" cause of the retaliation. *See Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013). "[P]roof of causation can be shown either: (1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Hicks v. Baines*, 593 F.3d 159, 170 (2d Cir. 2010) (quoting *Gordon v. N.Y. City Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000); *see also Smith v. New York & Presbyterian Hosp.*, 440 F. Supp. 3d 303, 341 (S.D.N.Y. 2020).

Here, as Magistrate Judge Freeman found, Plaintiff easily satisfied the first three elements of her federal and state retaliation claims: (1) seeking a religious accommodation is a protected activity, (2) Defendants were aware of Plaintiff's accommodation request, and (3) Plaintiff's demotion, her alleged lack of training, and her poor performance evaluations constitute adverse employment actions. (Report at 59-60.) However, Plaintiff fails to show—even indirectly— how her religious accommodation request was the "but-for" cause of her demotion, lack of training, or

poor evaluations. (Report at 60-62.) Plaintiff has offered no evidence, other than speculation, to show that her negative performance reviews were connected to her seeking a religious accommodation. (*Id.* at 61.) Moreover, due to those poor evaluations, Plaintiff cannot demonstrate that, "but for" her requests for a religious accommodation, she would not have been demoted following her probationary period. (*Id.* at 60.) As Magistrate Judge Freeman concluded, there is ample evidence in the record that Plaintiff was underperforming as a probationary SLD. (*Id.*) As for her lack of training, without support that Plaintiff was similarly situated (besides religion) with other SLDs, the claim fails. (*Id.* at 61.) Thus, Defendants are granted summary judgment on all retaliation claims under Title VII and NYSHRL.

## C. Hostile Work Environment Under Title VII and NYSHRL

While Plaintiff did not explicitly plead a hostile work environment claim in her Amended Complaint, Magistrate Judge Freeman correctly concluded that summary judgment should be granted for Defendants for any such claims to the extent they were brought under Title VII or NYSHRL. (*Id.* at 23.) To establish a hostile work environment under Title VII and the NYSHRL based on religious discrimination, a plaintiff must be able to demonstrate (1) "that she endured conduct that was severe or pervasive enough to create an *objectively* hostile or abusive environment," (2) "that she *subjectively* perceived the conduct as hostile or abusive," and (3) "that the conduct occurred *because of*" her religion (*i.e.*, her membership in a protected class). *Russo v. New York Presbyterian Hosp.*, 972 F. Supp. 2d 429, 446-47 (E.D.N.Y. 2013) (emphases added).

Here, many of the alleged statements and incidents giving rise to any hostile work environment claim—including, *inter alia*, that Plaintiff was "yelled at" and "subjected to 'unreasonably terrible performance evaluations,'"— are insufficiently severe or pervasive for a federal or state hostile work environment claim. (Report at 41-42.) Plaintiff also fails to connect

9

these statements and incidents to her religion. (*Id.* at 41.) As Magistrate Judge Freeman properly found, many of the statements and incidents at issue are "neutral on their face with respect to Plaintiff's religion." (*Id.* at 42) (citing *Garvin v. Potter*, 367 F. Supp. 2d 548, 567 (S.D.N.Y. 2005))). Thus, Defendants' motion for summary judgment is granted as to any hostile work-environment claims under Title VII or the NYSHRL.

## D. NYCHRL Hostile Work Environment, Discrimination, and Retaliation Claims

Under NYCHRL, *prima facie* claims for discrimination and hostile work environment share the same standard. *Konteye v. New York City Dep't of Educ.*, No. 17CIV2876GBDRWL, 2019 WL 3229068, at \*7 (S.D.N.Y. July 18, 2019). A plaintiff needs to demonstrate that she was "treated less well" or "treated differently" than other employees because of her religion "in a way that [is] more than trivial, insubstantial, or petty." *See Rossbach v. Montefiore Med. Ctr.*, No. 19cv5758 (DLC), 2021 WL 930710, at \*6 (S.D.N.Y. Mar. 11, 2021); *Marseille v. Mount Sinai Health Sys., Inc.*, No. 18cv12136 (VEC), 2021 WL 3475620, at \*5 (S.D.N.Y. Aug. 5, 2021). Defendants' Objections reiterate their arguments against Plaintiff's federal and state claims that Plaintiff's "unsatisfactory job performance was the reason for her demotion." (Defendants' Objections at 34-35.)

This Court agrees with Magistrate Judge Freeman that, under the lower NYCHRL standard, Plaintiff presents a genuine issue of fact regarding her claim for discrimination against Defendant MTA and Defendant Caminero for her demotion. (Report at 55-56.) She also satisfies her burden against all Defendants for the alleged "threats" she received for requesting Sundays off—"there would be 'consequences' for continuing to inquire about her religious accommodation." (Report at 43, 57-58; *see* Pl. 56.1 Counter Statement at ¶ 60, 64, 77, 130.) Summary judgment is GRANTED on all of Plaintiff's discrimination claims under NYCHRL

except (1) against the MTA and Caminero for discriminatory demotion, and (2) against all Defendants based on the allegedly discriminatory comments made to Plaintiff by the Individual Defendants, to the extent those comments were tied directly to Plaintiff's requests for religious accommodation.

A *prima facie* claim for retaliation under the NYCHRL requires that the plaintiff show that "something happened that would be reasonably likely to deter a person from engaging in protected activity." *Benzinger v. Lukoil Pan Americas, LLC*, 447 F. Supp. 3d 99, 129 (S.D.N.Y. 2020). Summary judgment is appropriate only if the plaintiff cannot show that retaliation played any part in the employer's decision. *Maynard v. Montefiore Med. Ctr.*, No. 18cv8877 (LAP), 2021 WL 396700, at *6 (S.D.N.Y. Feb. 4, 2021). This Court agrees with Magistrate Judge Freeman that Plaintiff's demotion and the threatening remarks Plaintiff received overcome any non-retaliatory reason proffered by Defendants for making the comments or demoting Plaintiff. (Report at 63.) Summary judgment is granted on all of Plaintiff's retaliation claims under NYCHRL except any claims (1) against the MTA and Caminero based on Plaintiff's demotion, and (2) against all Defendants based on the coercive or threatening comments allegedly made by the Individual Defendants after Plaintiff requested a religious accommodation.

## E.  Aiding and Abetting Claims under NYSHRL

"[A]iding and abetting 'is only a viable theory where an underlying violation has taken place.'" *Moore v. Metro. Transp. Auth.*, 999 F. Supp. 2d 482, 510 (S.D.N.Y. 2013) (citing *Petrisch v. HSBC Bank USA, Inc.*, No. 07cv3303, 2013 WL 1316712, at *21 (E.D.N.Y. Mar. 28, 2013)). "In general, an aider and abettor is one 'who actually participates in the conduct giving rise to a discrimination claim.'" *Pellegrini v. Sovereign Hotels, Inc.*, 740 F. Supp. 2d 344, 356 (N.D.N.Y. 2010) (citation omitted).

This Court agrees with Magistrate Judge Freeman that a genuine issue of material fact exists as to whether Caminero may be found liable for a discriminatory demotion under the NYSHRL. (Report at 65.) It follows then that a genuine issue of fact may also exists as to whether he may be found liable for aiding and abetting such discrimination under the NYSHRL. (*Id.*) Thus, summary judgment should be granted to Defendants Houston and Murphy and denied to Defendant Caminero on Plaintiff's aiding and abetting claim under the NYSHRL from underlying discriminatory demotion.

## F. Section 1983 Claims

42 U.S.C. § 1983 "provides a private right of action against any person who, acting under color of state law, causes another person to be subjected to the deprivation of rights under the Constitution or federal law." *Gonzalez v. City of New York*, 377 F. Supp. 3d 273, 285 (S.D.N.Y. 2019). Claims brought under § 1983 require proof of "but-for" causation—showing that discrimination was a motivating factor is not enough. *Naumovski v. Norris*, 934 F.3d 200, 214 (2d Cir. 2019).

As Magistrate Judge Freeman correctly reasoned, this Court only allowed Plaintiff's Title VII claim for discriminatory demotion again the MTA to survive because she showed that religious animus was a "motivating factor." (Report at 49.) As Plaintiff's Section 1983 claims require "but-for" causation, those claims cannot survive. (*Id.*) Thus, Defendants are granted summary judgment on all of Plaintiff's Section 1983 claims.[2]

---

[2] Magistrate Judge Freeman recommends that, at this stage of the proceedings, the Court should decline to reach the issue of whether the MTA or the Manhattan and Bronx Surface Transit Authority was Plaintiff's actual employer. The Court agrees and declines to address this issue. *See Carpenter v. New York City Transit Auth.*, No. CV 04-3568 (DGT), 2006 WL 2482433, at \*4-5 (E.D.N.Y. Aug. 25, 2006), *aff'd*, 269 F. App'x 116 (2d Cir. 2008) ("[W]ith a dearth of evidence about the relationship between NYCTA and MABSTOA, it is inappropriate to reach a conclusion [at the summary judgment stage] as to whether plaintiff's claim is barred because she sued the wrong authority[.]"); *Toriola v. New York City Transit Auth.*, No. 02cv5902 (RJH), 2005 WL 550973, at \*5 (S.D.N.Y. Mar. 9, 2005) ("Given that questions of fact

## IV.   CONCLUSION

Defendants' motion for summary judgment, (ECF No. 55), is GRANTED in part and

DENIED in part as follows:

a) Defendants' motion for summary judgment is DENIED as to Plaintiff's Title VII discrimination claim against the MTA for Plaintiff's demotion and as to Plaintiff's NYSHRL discrimination claim against the MTA and Caminero (both as a direct actor and as an aider-and-abettor of the MTA) for Plaintiff's demotion.

b) Defendants' motion for summary judgment is DENIED as to Plaintiff's NYCHRL claims against the MTA and Caminero for discriminatory and retaliatory demotion and as to all Defendants for subjecting her to a hostile work environment, discrimination, and retaliation from coercive and/or threatening comments allegedly made by the Individual Defendants.

c) Defendants' motion for summary judgment is GRANTED as to all other Title VII and NYSHRL discrimination claims.

d) Defendants' motion for summary judgment is GRANTED as to all other NYCHRL discrimination, retaliation, and hostile work environment claims.

e) Defendants' motion for summary judgment is GRANTED as to all Title VII and NYSHRL retaliation and hostile work environment claims.

f) Defendants' motion for summary judgment is GRANTED as to all Section 1983 claims.

The Clerk of Court is directed to close that motion, (ECF No. 55), accordingly.

Dated: New York, New York
       September 29, 2021

SO ORDERED.

_George B. Daniels_
GEORGE B. DANIELS
United States District Judge

---

abound as to whether the NYCTA and MABSTOA may be considered a single employer . . . the Court cannot resolve this issue at the summary judgment stage on the present record.")