Beth L. Kaufman
SCHOEMAN UPDIKE & KAUFMAN LLP
551 Fifth Avenue
New York, New York 10176
(212) 661-5030
*Attorneys for Defendants New York City Transit Authority*
 *(s/h/a "MTA New York City Transit"),*
*Donald Houston, Phakeshia Murphy, and*
*Alfredo Caminero (s/h/a "Alfred Caminero")*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GENEVA AIKEN,

        Plaintiff,

  -against-

MTA NEW YORK CITY TRANSIT, DONALD
HOUSTON, *In His Individual and Official
Capacities*, PHAKESHIA MURPHY, *In Her
Individual and Official Capacities*, and ALFRED
CAMINERO, *In His Individual and Official
Capacities*,

        Defendants.
----------------------------------------------------------------X

Case No.: 1:18-CV-11756-GBD-DF

**DECLARATION OF**
**BETH L. KAUFMAN**

      Beth L. Kaufman declares, pursuant to 28 U.S.C. § 1746 and under penalty of perjury:

      1.    I am a member of Schoeman Updike & Kaufman LLP, attorneys for defendants New York City Transit Authority (the "Transit Authority") (s/h/a MTA New York City Transit), Donald Houston, Phakeshia Murphy, and Alfredo Caminero (s/h/a "Alfred Caminero") (collectively, the "Defendants"). I am familiar with the prior proceedings in this action and make this declaration in support of

Defendants' motion in *limine* to preclude the introduction of certain evidence at the trial of this action, which evidence is set forth in the attached Appendix, and, specifically, to provide the Court with Exhibits A – D attached hereto.

    2.    Defendants seek to exclude, *inter alia*, evidence related to the mischaracterization of Plaintiff's resignation as a "constructive discharge"; any evidence that relates to job-related training, evaluations, investigations, or other conduct, apart from Plaintiff's demotion, as an adverse action upon which a claim of discrimination or retaliation could be based; Plaintiff's request for religious accommodation as a basis for retaliation or an affirmative failure to accommodate; and other irrelevant or highly misleading and confusing documentary and testamentary evidence.

    3.    Examples of the types of documentary evidence Defendants seek to exclude are attached hereto within Exhibits A-D, and are:

    a. Documents that address training (Plaintiff's proposed exhibits 82 and 98, attached hereto as Ex. A);

    b. Documents from investigations by the Transit Authority, given that this Court has found that how the investigation was conducted cannot constitute an adverse employment action (Plaintiff's proposed exhibit 94, attached hereto as Ex. B);

    c. Letters from Plaintiff's church and requests by Plaintiff for religious accommodation (Plaintiff's proposed exhibits 33, 42, 63-64, attached hereto as Ex. C); and

d. Any other documents or witnesses whose testimony is irrelevant to the remaining claims in this case or whose probative value is substantially outweighed by the risks of confusing and misleading the jury, such as an October 16, 2017 e-mail from Plaintiff to Reyes and Caminero regarding making copies and a Dual Employment/Outside Activity Form signed by Plaintiff (Plaintiff's proposed exhibits 34 and 49, attached hereto as Ex. D).

We will be happy to supply the Court with copies of all of the exhibits we propose to exclude, should the Court desire to see all of them.

WHEREFORE, it is respectfully requested that the Court grant the motion of Defendants, in its entirety.

Dated: May 11, 2023

                                                                  _____
                                                                  Beth L. Kaufman

# APPENDIX

| No. | Description | Objection |
|---|---|---|
| 1 | Aiken's G2 to Houston, AIKEN 000006 – 000008, AIKEN CONFIDENTIAL 000151, 000152-000153 | Training-related document irrelevant to the issues at trial. |
| 3 | Aiken's Cash Out Sick Days Memo, AIKEN 000010 | Irrelevant to the issues at trial. |
| 4 | Email RE Evaluations on a Fair Chance, AIKEN 000012 | Training-related document irrelevant to the issues at trial. |
| 5 | Email RE Three Month Evaluation, AIKEN CONFIDENTIAL 000015 | Training-related document irrelevant to the issues at trial. |
| 7 | Aiken's Complaint to Affirmative Action Office, AIKEN CONFIDENTIAL 000416 – 000418 | Training-related document irrelevant to the issues at trial. |
| 33 | December 2017 Church Letter, NYCTA000044 | Failure to accommodate has been adjudicated in Defendants' favor. |
| 34 | Email RE Authorized Personnel, NYCTA000045 | Irrelevant to the issues at trial. |
| 41 | Memo RE Sabbath Observance Request for Aiken, NYCTA000061 | Failure to accommodate has been adjudicated in Defendants' favor. |
| 42 | January 2017 Church Letter, NYCTA000062 | Failure to accommodate has been adjudicated in Defendants' favor. |
| 43 | July 2017 Church Letter, NYCTA000063 | Failure to accommodate has been adjudicated in Defendants' favor. |
| 49 | Application Access Request Form for Aiken, NYCTA000071 – 000072 | Irrelevant to the issues at trial. |
| 50 | Email RE I-Vault Request Notification, NYCTA000073 | Irrelevant to the issues at trial. |
| 52 | Aiken's DBO UTS/EIS Database Access Request Form, NCYTA000075 | Irrelevant to the issues at trial. |
| 53 | Aiken's FEMA Certificates, NYCTA000076 – 000077 | Irrelevant to the issues at trial. |

| | | |
|---|---|---|
| 54 | Aiken's Acknowledgement & Receipt of Understanding, NYCTA000078 | Irrelevant to the issues at trial. |
| 55 | Aiken's Dispatcher Badge Replacement/Turn In Form, NCYTA000079 | Irrelevant to the issues at trial. |
| 56 | Application Access Request Form for Aiken, NYCTA000080 | Irrelevant to the issues at trial. |
| 57 | Information for Depot & Training Center, NYCTA000081 | Training-related document irrelevant to the issues at trial. |
| 57 | Information for Depot & Training Center, NYCTA000081 | Irrelevant to the issues at trial. |
| 58 | Memo RE Reporting to Supervisor, NYCTA000082 | Irrelevant to the issues at trial. |
| 59 | Aiken's Dual Employment/Outside Activity Form, NYCTA000083 | Irrelevant to the issues at trial. |
| 60 | Acknowledgment RE Misuse of Patrol Autos, NYCTA000084 | Irrelevant to the issues at trial. |
| 61 | Aiken's Application for Employee Parking Permit, NYCTA000085 – 000086 | Irrelevant to the issues at trial. |
| 63 | July 2017 Church Letter, NYCTA000097 | Failure to accommodate has been adjudicated in Defendants' favor. |
| 64 | July 2016 Church Letter, NYCTA000098 | Failure to accommodate has been adjudicated in Defendants' favor. |
| 70 | Interview Notes, NYCTA000157 – 000160 | Facts pertaining to the investigation are irrelevant to the issues at trial. |
| 71 | Interview Notes, NYCTA000161 – 000162 | Facts pertaining to the investigation are irrelevant to the issues at trial. |
| 73 | Memo RE Aiken's Sabbath Observance Request, NYCTA000246 | Failure to accommodate has been adjudicated in Defendants' favor. |
| 74 | Email RE Hands-On Request, NYCTA000247 | Training-related document irrelevant to the issues at trial. |

| 75 | 2017 Religious Accommodation Approval, NYCTA000252 | Failure to accommodate has been adjudicated in Defendants' favor. |
|---|---|---|
| 81 | Email RE Hands On Request, NYCTA000280 | Training-related document irrelevant to the issues at trial. |
| 82 | Email RE Crew, Yard, General Training, NYCTA000281 | Training-related document irrelevant to the issues at trial. |
| 83 | Email RE Evaluation on Fair Chance, NYCTA000287 | Training-related document irrelevant to the issues at trial. |
| 84 | Email RE No Knowledge of U/A on My Record, NYCTA000288 | Irrelevant to the issues at trial. |
| 85 | Email RE Religious Observance Letter 2018, NYCTA000289 | Failure to accommodate has been adjudicated in Defendants' favor. |
| 86 | Religious Accommodation Instructions, NYCTA000290 – 000291 | Failure to accommodate has been adjudicated in Defendants' favor. |
| 88 | Email from Caminero RE Aiken's Religious Accommodation Request, NYCTA000306 | Failure to accommodate has been adjudicated in Defendants' favor. |
| 89 | Email RE Aiken's Complaint of Harassment, NYCTA000307 | Failure to accommodate has been adjudicated in Defendants' favor. |
| 90 | Email from McGahren, NYCTA000330 | Failure to accommodate has been adjudicated in Defendants' favor. |
| 91 | Email RE Evaluations on a Fair Chance, NYCTA000355 - 000361 | Failure to accommodate has been adjudicated in Defendants' favor. |
| 92 | Memo from Aiken to Houston, NYCTA000362 - 000364 | Training-related document irrelevant to the issues at trial. |
| 94 | Email RE Evaluation on Fair Chance, NYCTA000355 - 000361 | Training-related document irrelevant to the issues at trial. |
| 95 | Interview Notes, NYCTA000375 - 000376 | Facts pertaining to the investigation are irrelevant to the issues at trial. |

| | | |
|---|---|---|
| 96 | Interview Notes, NYCTA000377 - 000387 | Facts pertaining to the investigation are irrelevant to the issues at trial. |
| 97 | Interview Notes, NYCTA000388 – 000393, 000396 | Facts pertaining to the investigation are irrelevant to the issues at trial. |
| 98 | Email RE Aiken's Complaint to Dhuman, NYCTA000394 - 000395 | Training-related document irrelevant to the issues at trial. |
| 107 | Procedure for Religious Accommodation, NCYTA001305 – 001306 | Failure to accommodate has been adjudicated in Defendants' favor. |
| 115 | Religious Accommodations Instructions, NYCTA001801 | Failure to accommodate has been adjudicated in Defendants' favor. |
| 116 | Religious Accommodations Policy, NYCTA001802 – 001805 | Failure to accommodate has been adjudicated in Defendants' favor. |
| 117 | Caminero's List of Training, NYCTA002371 - 02375 | Training-related document irrelevant to the issues at trial. |
| 118 | Houston's List of Training, NYCTA002376 - 002378 | Training-related document irrelevant to the issues at trial. |
| 119 | Murphy's List of Training, NYCTA002471 - 002476 | Training-related document irrelevant to the issues at trial. |
| 120 | Supervisor's Guide to Reasonable Accommodation of Religious Observance or Practices, NYCTA002476 - 002484 | Failure to accommodate has been adjudicated in Defendants' favor. |
| 121 | Taking Control of the Road, Road Control Training Manual, Department of Buses, Training Division, NCYTA002502 - 002542 | Training-related document irrelevant to the issues at trial. |

| No. | Witness | Objection |
|---|---|---|
| 5 | John P. Dhuman, Deputy General Manager: can testify to Plaintiff's accommodation requests, as well as the discrimination, | Failure to accommodate has been adjudicated in Defendants' favor. |

|   | | |
|---|---|---|
|   | retaliation, and hostile work environment endured by Plaintiff. | |
| 6 | Emilio Reyes: can testify to Plaintiff's accommodation requests, as well as the discrimination, retaliation, and hostile work environment endured by Plaintiff. | Failure to accommodate has been adjudicated in Defendants' favor. |
| 7 | Amadu Haruna: can testify to Plaintiff's accommodation requests, as well as the discrimination, retaliation, and hostile work environment endured by Plaintiff. | Failure to accommodate has been adjudicated in Defendants' favor. |
| 8 | Patrick Bambury: can testify to Plaintiff's accommodation requests, as well as the discrimination, retaliation, and hostile work environment endured by Plaintiff. | Failure to accommodate has been adjudicated in Defendants' favor. |
| 9 | Antonio Seda, Assistant Vice President of EEO Investigations: can testify as to the investigation process into Plaintiff's complaints. | Insufficient investigation has been adjudicated in Defendants' favor. |
| 10 | Jacob A. Goins, NYCTA'S EEO Officer: can testify as to the investigation process into Plaintiff's complaints. | Insufficient investigation has been adjudicated in Defendants' favor. |
| 11 | Alexander T. Linzer, NYCTA'S EEO Director for EEO Investigations: can testify as to the investigation process into Plaintiff's complaints. | Insufficient investigation has been adjudicated in Defendants' favor. |
| 12 | Cathy Gonzalez, Investigator: can testify to Plaintiff's religious accommodation requests. | Failure to accommodate has been adjudicated in Defendants' favor. |
| 13 | Danielle Brogan, Director, Collective Bargaining, Office of Labor Relations, New York City Transit: can testify to Plaintiff's religious accommodation requests. | Failure to accommodate has been adjudicated in Defendants' favor. |
| 14 | Michael Lawson, TSO: can testify to the end of Plaintiff's employment. | Plaintiff has not provided any information or documentation about this individual. |
| 15 | Robert Bruno, General Manager Bronx Division: can testify to the end of Plaintiff's employment. | Inadequate, vague identification of subject of testimony |
| 16 | Thomas Burke, General Superintendent, MTA/MABSTOA: was present and can testify about Plaintiff's alleged disciplinary issues, Plaintiff's demotion, meeting held with Plaintiff and Defendant Caminero regarding | Inadequate, vague identification of subject of testimony |

| | | |
|---|---|---|
| | demotion, Plaintiff's claims of discrimination and Plaintiff's ongoing complaints to the MTA about discrimination, hostile work environment and retaliation. | |
| 17 | John McGahern, served as the General Superintendent at M.J. Quill Bus Depot in the year 2016 and addressed Plaintiff's previous religious accommodation request while a Bus Operator. | Failure to accommodate has been adjudicated in Defendants' favor. |
| 18 | Arlene Benjamin: can testify to Plaintiff's discrimination, harassment, and hostile work environment, particularly with the religious accommodation requests. | Failure to accommodate has been adjudicated in Defendants' favor. |
| 19 | SLD Joselito Valentine: can testify to Plaintiff's discrimination, harassment, and hostile work environment. | Plaintiff has not provided any information or documentation about this individual. |
| 20 | BO Stewart can testify to Plaintiff's discrimination, harassment, and hostile work environment. | Plaintiff has not provided any information or documentation about this individual. |
| 21 | BO (First Name Unknown) Maldonado: can testify to Plaintiff's discrimination, harassment, and hostile work environment. | Plaintiff has not provided any information or documentation about this individual. |
| 22 | BO Ochere (Last Name Unknown): can testify to Plaintiff's discrimination, harassment, and hostile work environment. | Plaintiff has not provided any information or documentation about this individual. |
| 23 | Latonya Crisp-Sauray, Recording Secretary TWU Local 100: can testify to Plaintiff's complaints about failure to provide religious accommodations. | Failure to accommodate has been adjudicated in Defendants' favor. |