Beth L. Kaufman
SCHOEMAN UPDIKE & KAUFMAN LLP
551 Fifth Avenue
New York, New York 10176
(212) 661-5030
*Attorneys for Defendants New York City Transit Authority*
*(s/h/a "MTA New York City Transit"),*
*Donald Houston, Phakeshia Murphy, and*
*Alfredo Caminero (s/h/a "Alfred Caminero")*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GENEVA AIKEN,

                    Plaintiff,                    Case No.: 1:18-CV-11756-GBD-DF

          -against-

MTA NEW YORK CITY TRANSIT, DONALD
HOUSTON, *In His Individual and Official*
*Capacities*, PHAKESHIA MURPHY, *In Her*
*Individual and Official Capacities*, and ALFRED
CAMINERO, *In His Individual and Official*
*Capacities*,

                    Defendants.
-------------------------------------------------------------X


## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
## OF THEIR MOTION *IN LIMINE*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................... 1

THE SUMMARY JUDGMENT DECISION AND ORDER ................................... 1

THIS MOTION ................................................................................................ 4

ARGUMENT .................................................................................................. 5

  I. Plaintiff Should Be Precluded From Offering Evidence Relating To Claims Not
    At Issue At Trial. .................................................................................. 6

    A.   Plaintiff Should Be Precluded from Pursuing a Claim for 'Constructive
       Discharge' or Characterizing her Resignation as Such. ............................ 7

    B.   Plaintiff Should Be Precluded from Presenting Any Testimony or
       Documentary Evidence Relating to Her Training, or Alleged Lack Thereof,
       or Evaluations in Support of Her Claims. ........................................... 8

    C.   Plaintiff Should Be Precluded from Presenting Any Testimony or
       Documentary Evidence Relating to Any Investigations in Support of Her
       Claims. ........................................................................................ 10

    D.   Plaintiff Should Be Precluded from Presenting Any Evidence Related to
       Any Purported Adverse Action Other than Her Demotion. ...................... 12

    E.   Plaintiff Should Be Precluded from Presenting Any Documentary Evidence
       Which Is Irrelevant to Her Claims. .................................................. 12

    F.   Plaintiff Should be Precluded from Presenting Any Documentary Evidence
       and Testimony at Trial Relating to Her Request for Religious
       Accommodation In Support of a Discrimination Claim. .......................... 13

  II.  Plaintiff Should be Precluded from Offering Testimony at Trial from
     Witnesses Who Are Described in the JPTO as Offering Irrelevant
     Testimony .................................................................................... 15

    CONCLUSION ................................................................................ 17

TABLE OF AUTHORITIES

**Cases**

*Abreu v. New York City Police Dep't,*
    329 Fed. Appx. 296 (2d Cir. 2009) ........................................................................ 5

*Bermudez v. City of New York,*
    No. 15-civ-3240 (KAM)(RLM), 2019 U.S. Dist. LEXIS 3442 (E.D.N.Y. Jan. 8,
    2019) ........................................................................................................................ 7

*Cruz v. Jordan,*
    357 F.3d 269 (2d Cir. 2004) .................................................................................... 5

*Howard Univ. v. Borders*
    20-cv-04716 (LJL), (S.D.N.Y. Aug. 14, 2022) ....................................................... 5

*Jones v. New York City Health and Hosp. Corp.,*
    2003 U.S. Dist. LEXIS 9183 (S.D.N.Y. June 3, 2003); aff'd mem.,
    2004 U.S. App. LEXIS 11630 (2d Cir. July 9, 2004)............................................... 5

*Monsour v. New York State Office for Developmental Disabilities,*
    No. 13-civ-0336 (BKS/CFH), 2017 U.S. Dist. LEXIS 192679 (N.D.N.Y. Nov. 9,
    2017) ........................................................................................................................ 7

**Other Authorities**

Fed. R. Civ. P. 56 ........................................................................................................ 1

Fed. R. Evid. 401, 402 ................................................................................................. 6

Fed. R. Evid. 403 ......................................................................................................... 5

## PRELIMINARY STATEMENT

Defendants New York City Transit Authority (the "Transit Authority") (s/h/a "MTA New York City Transit"), Donald Houston ("Houston"), Phakeshia Murphy ("Murphy"), and Alfredo Caminero (s/h/a "Alfred Caminero") ("Caminero") (collectively, the "Defendants"), by their attorneys, Schoeman Updike & Kaufman LLP, submit this memorandum in support of their motion *in limine* to preclude Plaintiff from introducing evidence at trial that is not relevant to the claims remaining in this action, following the grant of partial summary judgment to Defendants. Admission of such irrelevant evidence will prejudice Defendants and has the strong potential to confuse the jury, and it should be excluded in advance of the trial.

## THE SUMMARY JUDGMENT DECISION AND ORDER

On February 4, 2021, Defendants moved for summary judgment on all of Plaintiff's claims pursuant to Fed. R. Civ. P. 56. On September 2, 2021, Magistrate Judge Debra Freeman issued a Report and Recommendation to this Court, recommending that Defendants' motion be granted in part and denied in part. (Dkt. No. 70, at 68-69). On September 29, 2021, this Court adopted the Report and Recommendation in full. (Dkt. No. 74, at 2).

As recommended by Magistrate Judge Freeman and as ordered by this Court, the limited claims that have survived for trial are only:

1.   Under Title VII, the claim against the Transit Authority for discriminatory demotion based upon Caminero allegedly asking Plaintiff whether she would have come to work on Sundays, had she known she was going to be demoted, allegedly at the same time that he informed her of the decision to demote her to bus operator (Dkt. No. 70 at 49);

2.   Under the NYSHRL, the claims against the Transit Authority and defendant Alfred Caminero (both individually and as aider and abettor), for discriminatory demotion based upon Caminero allegedly asking Plaintiff whether she would have come to work on Sundays, had she known she was going to be demoted, allegedly at the same time that he informed her of the decision to demote her to bus operator (Dkt. No. 70 at 49);

3.   Under the NYCHRL, the claims against the Transit Authority and Caminero for discriminatory demotion based upon Caminero allegedly asking Plaintiff whether she would have come to work on Sundays, had she known she was going to be demoted, allegedly at the same time that he informed her of the decision to demote her to bus operator (Dkt. No. 70 at 49):

4.      Under the NYCHRL, the claims against the Transit Authority and
Caminero for retaliatory demotion after Plaintiff allegedly  engaged in
protected activity when she asked the Transit Authority and Caminero
to accommodate her religious observance of a Sunday Sabbath, after
the Magistrate Judge and this Court concluded that there was an issue
of fact as to whether Plaintiff's  demotion constituted conduct "that
would be reasonably likely to deter a person from engaging in
protected activity;"

5.      Under the NYCHRL, the claims against all Defendants for retaliatory
demotion after Plaintiff engaged in protected activity when she asked
Defendants to accommodate her religious observance of a Sunday
Sabbath, after the Magistrate Judge and this Court concluded that
there was an issue of fact as to whether alleged coercive or threatening
comments allegedly made by Houston, Murphy and Caminero
constituted conduct "that would be reasonably likely to deter a person
from engaging in protected activity;" (Dkt. No. 70 at 64); and

6.      Under the NYCHRL, the claims against all Defendants for a hostile
work environment based on the alleged coercive and/or threatening
comments allegedly made Houston, Murphy and Caminero regarding
Plaintiff's religious accommodation.

Plaintiff's §1983 claim, and all of her claims under any of Title VII, the NYSHRL or the NYCHRL, based on the following have been dismissed in full:

1.     The termination of her employment

2.     Her "constructive discharge" from her employment

3.     Her training or performance reviews

## THIS MOTION

Defendants seek to preclude Plaintiff from introducing the following categories of evidence at trial, which does relate to any of the claims remaining in this action:

(1)     Any testimony or documentary evidence relating to Plaintiff's alleged "constructive discharge" and relating to her prior claims under Title VII, the NYSHRL and the NYCHRL arising as a result of the end of her employment with the Transit Authority, together with any characterization of her termination as a "constructive discharge" or evidence of damages related to such claims.  Any such evidence is not relevant to Plaintiff's remaining claims at trial and, even if relevant, the risks of confusing and misleading the jury substantially outweigh any probative value they may have.

(2)     Any testimony or documentary evidence relating to training (or alleged lack thereof) or to performance evaluations and relating to Plaintiff's prior claims under Title VII and the NYSHRL and NYCHRL, and any evidence of damages related to such claims.  Any such evidence is not relevant to Plaintiff's

remaining claims at trial and, even if relevant, the risks of confusing and misleading the jury substantially outweigh any probative value they may have.

(3)     Any testimony or documentary evidence relating to any complaint made by Plaintiff to the Transit Authority that did not concern to her alleged discriminatory demotion; or an alleged hostile work environment to which she was allegedly subjected based on comments made to her by Houston, Murphy or Caminero; or that her demotion constituted retaliation; or that comments made to her constituted retaliation.[1]  Any such evidence is not relevant to Plaintiff's remaining claims at trial and, even if relevant, the risks of confusing and misleading the jury substantially outweigh any probative value they may have.

## **ARGUMENT**

"The purpose of an *in limine* motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Howard Univ. v. Borders*, 20-cv-04716 (LJL), (S.D.N.Y. Aug. 14, 2022), *citing to United States v. Ulbricht*, 79 F.Supp.3d 466, 478 (S.D.N.Y. 2015) (*quoting Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).  This Court has wide latitude to assess the admissibility of evidence being or to be presented at trial.  *See, e.g.*, *Abreu v. New York City Police Dep't*, 329 Fed. Appx. 296, 299 (2d Cir. 2009) (*citing to Zahra v. Town of Southhold*, 48 F.3d 674, 686 (2d Cir. 1995)); *see*

---

[1]  Defendants recognize that, to assist the jury and prevent confusion, there may need to be an instruction to the jury about plaintiff's accommodation request, to avoid confusion on the part of the jury.  If the Court agrees, we suggest the parties' counsel prepare an agreed upon statement that may be delivered by the Court.

*also, Cruz v. Jordan*, 357 F.3d 269, 270 (2d Cir. 2004) (upholding exclusion of testimony). This discretion includes the authority to preclude evidence where the probative value of proffered evidence is outweighed by the potential prejudice to the other party, even if it is otherwise relevant. *See* Fed. R. Evid. 403; *Jones v. New York City Health and Hosp. Corp.*, 2003 U.S. Dist. LEXIS 9183 (S.D.N.Y. June 3, 2003); *aff'd mem.*, 2004 U.S. App. LEXIS 11630 (2d Cir. July 9, 2004).

The Court's discretion also includes the authority to preclude evidence that is not relevant to the claims at issue at trial, which is the principal basis for exclusion sought in this motion. Fed. R. Evid. 401, 402.

**I.      Plaintiff Should Be Precluded From Offering Evidence Relating To Claims Not At Issue At Trial.**

The Court should preclude Plaintiff from offering evidence relating to previously adjudicated claims. As to Plaintiff's Title VII and NYSHRL claims, none survives *except for* Plaintiff's Title VII discrimination claim against the Transit Authority due to Plaintiff's alleged demotion and her NYSHRL discrimination claim against the Transit Authority and Caminero (both as a director actor and as an aider-and-abettor of the Transit Authority), also due to Plaintiff's alleged demotion. *See* Memorandum Decision and Order, Dkt. No. 74, at 13. As to Plaintiff's NYCHRL claims, the only claims that survive are those against the Transit Authority and Caminero for alleged discriminatory and retaliatory demotion and as to all Defendants for a hostile work environment, discriminatory demotion and retaliation from alleged coercive and/or threatening comments allegedly made by Houston, Murphy and Caminero. *Id.*

6

Because this issue has already been decided, there should be no evidence offered that relates to any purported adverse action other than the alleged demotion. *See* Report and Recommendation, Dkt. No. 70, at 50, which was adopted by this Court ("[a]s for any discrimination claims that Plaintiff may be attempting to assert with regard to her claimed lack of training and poor performance evaluations, this Court finds that any such claims also fail at this stage of the prima facie case."). To the extent Plaintiff attempts to use such evidence in support of her claims, the Court should exclude it.[2] *See Bermudez v. City of New York*, No. 15-civ-3240(KAM)(RLM), 2019 U.S. Dist. LEXIS 3442, at *9-10 (E.D.N.Y. Jan. 8, 2019) (precluding evidence concerning "failed theories of liability"); *Monsour v. New York State Office for Developmental Disabilities*, No. 13-civ-0336(BKS/CFH), 2017 U.S. Dist. LEXIS 192679, at *11-16 (N.D.N.Y. Nov. 9, 2017) (barring evidence relating to a dismissed theory of liability).

## A. Plaintiff Should Be Precluded from Pursuing a Claim for 'Constructive Discharge' or Mischaracterizing her Resignation as Such.

This Court's Memorandum Decision and Order, dated September 29, 2021, adopted Magistrate Judge Freedman's Report and Recommendations, which found "no genuine support in the record" for Plaintiff's characterization of her resignation as a "constructive discharge." Dkt. No. 70, at 47. Further, it has already been determined that Plaintiff "utterly fails to give rise to an inference that a reasonable person in Plaintiff's shoes may have felt compelled to resign because of

---

[2] To the extent that Defendants' defense to the remaining claims require reference to both Plaintiff's training and her performance evaluation, Defendants reserve the right to offer such evidence.

any ill treatment by Caminero." *Id.* at 48.  Plaintiff offered no evidence to refute that following her demotion, she could have returned to work in her former position as a Bus Operator, a position she had held for five years without apparent difficulty. *Id.*

   Accordingly, Defendants request that the Court preclude Plaintiff from offering evidence as to her alleged constructive discharge or mischaracterizing her resignation as such.  Similarly, the Court should preclude Plaintiff from offering any evidence relating to damages that allegedly arose as a result of the claims that were dismissed.  Further, Plaintiff should be precluded from asserting that her employment was "terminated," given that there is no claim as to an alleged termination of Plaintiff's employment.

### B. Plaintiff Should Be Precluded from Presenting Any Testimony or Documentary Evidence Relating to Her Training, or Alleged Lack Thereof, or Evaluations in Support of Her Claims.

   It has already been determined that "the circumstances surrounding Plaintiff's alleged denial of training and poor performance evaluation [are] void of any inference of discrimination." Dkt. No. 74, at 7 (*citing to* Report and Recommendations at 50-52). Accordingly, any testimony or documentary evidence relating to allegations regarding Plaintiff's training (or lack thereof) and evaluations, including claimed damages, should be precluded.  Any such evidence is not relevant to Plaintiff's remaining claims at trial and, even if relevant, the risks of confusing and misleading the jury substantially outweigh any probative value they may have.

Plaintiff's proposed exhibit list in the Joint Pre-Trial Order enumerates various exhibits related to training and evaluations, which should be excluded, as follows:

| 1 | Aiken's G2 to Houston, AIKEN 000006 – 000008, AIKEN CONFIDENTIAL 000151, 000152-000153 |
|---|---|
| 4 | Email RE Evaluations on a Fair Chance, AIKEN 000012 |
| 5 | Email RE Three Month Evaluation, AIKEN CONFIDENTIAL 000015 |
| 7 | Aiken's Complaint to Affirmative Action Office, AIKEN CONFIDENTIAL 000416 –000418 |
| 57 | Information for Depot & Training Center, NYCTA000081 |
| 74 | Email RE Hands-On Request, NYCTA000247 |
| 81 | Email RE Hands-On Request, NYCTA000280 |
| 82 | Email RE Crew, Yard, General Training, NYCTA000281 |
| 83 | Email RE Evaluation on Fair Chance, NYCTA000287 |
| 92 | Memo from Aiken to Houston, NYCTA000362 - 000364 |
| 94 | Email RE Evaluation on Fair Chance, NYCTA000355 - 000361 |
| 98 | Email RE Aiken's Complaint to Dhuman, NYCTA000394 - 000395 |
| 117 | Caminero's List of Training, NYCTA002371 - 02375 |
| 118 | Houston's List of Training, NYCTA002376 - 002378 |
| 119 | Murphy's List of Training, NYCTA002471 - 002476 |

| 121 | Taking Control of the Road, Road Control Training Manual, Department of Buses, Training Division, NCYTA002502 - 002542 |

### C. Plaintiff Should Be Precluded from Presenting Any Testimony or Documentary Evidence Relating to Any Investigations in Support of Her Claims.

This Court already has rejected Plaintiff's theory that any alleged failure by the Transit Authority to investigate her complaints on numerous workplace issues, whether or not they relate in any way to perceived discrimination, may form the basis of a discrimination or retaliation claim.  Accordingly, any testimony or documentary evidence relating to the investigations into Plaintiff's complaints should be excluded because they have been determined in favor of Defendants.

While Plaintiff's single complaint may be admissible as the basis for her surviving retaliation claims, evidence as to the sufficiency of the investigations (or alleged lack thereof) that followed should not be.  As the Report and Recommendation noted, it was not disputed that Plaintiff e-mailed the Transit Authority's then President and said she was being harassed "due to [her] religious observance." (Dkt. No. No. 70, at 19.)

As adopted by the Court in its Decision and Order and set forth in the Report and Recommendation, "to the extent Plaintiff is claiming discrimination based on one or more adverse employment actions, she has only met her preliminary burden to make out a *prima facie* case with respect to the conduct of Caminero, in connection with her demotion." (Order, Dkt. No. 74, at 2; Report,

Dkt. No. 70, at 52).  Further, per the Decision and Order, the remaining retaliation claims are based only Plaintiff's demotion and the alleged comments.  (Order, Dkt. No. 74, at 13).  Thus, while *the fact* of Plaintiff's complaint that is relevant to the remaining claims (if any) may be admissible, any evidence related to Plaintiff's allegations regarding the sufficiency of the Transit Authority's investigations following her complaints is not relevant to Plaintiff's remaining claims at trial and would serve only to confuse or mislead the jury.

Plaintiff's proposed exhibit list in the JPTO enumerates various exhibits related to other investigations having nothing to do with the claims remaining for trial, and which should be excluded as follows:

| 66 | Aiken's EEO Complaint, NYCTA000127 – 000128 |
|----|---------------------------------------------|
| 67 | Aiken's EEO Statement, NYCTA000129 – 000130, 000278 – 000279 |
| 68 | Aiken's Witness List, NYCTA000131 - 000132 |
| 70 | Interview Notes, NYCTA000157 – 000160 |
| 71 | Interview Notes, NYCTA000161 – 000162 |
| 95 | Interview Notes, NYCTA000375 - 000376 |
| 96 | Interview Notes, NYCTA000377 - 000387 |
| 97 | Interview Notes, NYCTA000388 – 000393, 000396 |

## D. Plaintiff Should Be Precluded from Presenting Any Evidence Related to Any Purported Adverse Action Other than Her Demotion.

Given that the Decision and Order is clear that the only purported adverse action upon which any claim may be based in this case is Plaintiff's demotion, Plaintiff should be precluded from offering evidence in support of any other adverse action in support of her claims.  In addition to training and evaluations, which the Report and Recommendation addresses specifically, any attempt by Plaintiff to offer evidence as to other purported adverse actions, including but not limited to, unfavorable assignments, inability to exercise a "pick," or any other term or condition of her employment should be barred.

## E. Plaintiff Should Be Precluded from Presenting Any Documentary Evidence Which Is Irrelevant to Her Claims.

Plaintiff identifies several exhibits that are wholly unrelated to her claims in this lawsuit and serve only to unnecessarily complicate the proceedings. These documents are primarily administrative in nature and in some instances, duplicative.  Because they serve no purpose in assisting the jury to decide relevant issues and may only confuse and mislead the jury, the following documents should be excluded:

| 3 | Aiken's Cash Out Sick Days Memo, AIKEN 000010 |
|---|---|
| 34 | Email RE Authorized Personnel, NYCTA000045 |
| 49 | Application Access Request Form for Aiken, NYCTA000071 – 000072 |
| 50 | Email RE I-Vault Request Notification, NYCTA000073 |

| 52 | Aiken's DBO UTS/EIS Database Access Request Form, NCYTA000075 |
| 53 | Aiken's FEMA Certificates, NYCTA000076 – 000077 |
| 54 | Aiken's Acknowledgement & Receipt of Understanding, NYCTA000078 |
| 55 | Aiken's Dispatcher Badge Replacement/Turn In Form, NCYTA000079 |
| 56 | Application Access Request Form for Aiken, NYCTA000080 |
| 57 | Information for Depot & Training Center, NYCTA000081 |
| 58 | Memo RE Reporting to Supervisor, NYCTA000082 |
| 59 | Aiken's Dual Employment/Outside Activity Form, NYCTA000083 |
| 60 | Acknowledgment RE Misuse of Patrol Autos, NYCTA000084 |
| 61 | Aiken's Application for Employee Parking Permit, NYCTA000085 – 000086 |
| 84 | Email RE No Knowledge of U/A on My Record, NYCTA000288 |
| 91 | Email RE Evaluations on a Fair Chance, NYCTA000355 - 000361 |

**F. Plaintiff Should be Precluded from Presenting Any Documentary Evidence and Testimony at Trial Relating to Her Request for Religious Accommodation In Support of a Discrimination Claim.**

Plaintiff should be precluded from offering evidence or testimony as to any alleged discrimination based on a failure to accommodate, which has already been adjudicated in Defendants' favor.  While limited testimony to establish simply the fact that she requested a religious accommodation may be permissible to the

13

extent it relates to Plaintiff's perceived basis for her claim of retaliatory demotion or certain comments allegedly made by the Individual Defendants, any evidence that attempts to establish an affirmative failure to accommodate claim, or damages related therefor, should be excluded.  Therefore, the following exhibits Plaintiff intends to seek to introduce should be excluded:

| | |
|---|---|
| 33 | December 2017 Church Letter, NYCTA000044 |
| 41 | Memo RE Sabbath Observance Request for Aiken, NYCTA000061 |
| 42 | January 2017 Church Letter, NYCTA000062 |
| 43 | July 2017 Church Letter, NYCTA000063 |
| 63 | July 2017 Church Letter, NYCTA000097 |
| 64 | July 2016 Church Letter, NYCTA000098 |
| 73 | Memo RE Aiken's Sabbath Observance Request, NYCTA000246 |
| 75 | 2017 Religious Accommodation Approval, NYCTA000252 |
| 85 | Email RE Religious Observance Letter 2018, NYCTA000289 |
| 86 | Religious Accommodation Instructions, NYCTA000290 – 000291 |
| 88 | Email from Caminero RE Aiken's Religious Accommodation Request, NYCTA000306 |
| 89 | Email RE Aiken's Complaint of Harassment, NYCTA000307 |
| 90 | Email from McGahren, NYCTA000330 |
| 107 | Procedure for Religious Accommodation, NCYTA001305 – 001306 |
| 115 | Religious Accommodations Instructions, NYCTA001801 |
| 116 | Religious Accommodations Policy, NYCTA001802 – 001805 |
| 120 | Supervisor's Guide to Reasonable Accommodation of Religious Observance or Practices, NYCTA002476 - 002484 |

14

**II.    Plaintiff Should be Precluded from Offering Testimony at Trial from Witnesses Who Are Described in the JPTO as Offering Irrelevant Testimony**

Plaintiff's proposed list of witnesses in the JPTO contains 35 witnesses.  While the Court instructed Plaintiff to eliminate unnecessary witnesses, Defendants submit that Plaintiff should not be permitted to offer testimony from the following witnesses (whose testimony is described as set forth by Plaintiff in the Joint Pre-Trial Order):

| No. | Witness | Objection |
|-----|---------|-----------|
| 5 | John P. Dhuman, Deputy General Manager: can testify to Plaintiff's accommodation requests, as well as the discrimination, retaliation, and hostile work environment endured by Plaintiff. | Failure to accommodate has been adjudicated in Defendants' favor. |
| 6 | Emilio Reyes: can testify to Plaintiff's accommodation requests, as well as the discrimination, retaliation, and hostile work environment endured by Plaintiff. | Failure to accommodate has been adjudicated in Defendants' favor. |
| 7 | Amadu Haruna: can testify to Plaintiff's accommodation requests, as well as the discrimination, retaliation, and hostile work environment endured by Plaintiff. | Failure to accommodate has been adjudicated in Defendants' favor. |
| 8 | Patrick Bambury: can testify to Plaintiff's accommodation requests, as well as the discrimination, retaliation, and hostile work environment endured by Plaintiff. | Failure to accommodate has been adjudicated in Defendants' favor. |
| 9 | Antonio Seda, Assistant Vice President of EEO Investigations: can testify as to the investigation process into Plaintiff's complaints. | Insufficient investigation has been adjudicated in Defendants' favor. |
| 10 | Jacob A. Goins, NYCTA'S EEO Officer: can testify as to the investigation process into Plaintiff's complaints. | Insufficient investigation has been adjudicated in Defendants' favor. |
| 11 | Alexander T. Linzer, NYCTA'S EEO Director for EEO Investigations: can | Insufficient investigation has been adjudicated in Defendants' favor. |

|    | | |
|----|----------------------------------------------|------------------------------------------------|
|    | testify as to the investigation process into Plaintiff's complaints. | |
| 12 | Cathy Gonzalez, Investigator: can testify to Plaintiff's religious accommodation requests. | Failure to accommodate has been adjudicated in Defendants' favor. |
| 13 | Danielle Brogan, Director, Collective Bargaining, Office of Labor Relations, New York City Transit: can testify to Plaintiff's religious accommodation requests. | Failure to accommodate has been adjudicated in Defendants' favor. |
| 14 | Michael Lawson, TSO: can testify to the end of Plaintiff's employment. | Plaintiff has not provided any information or documentation about this individual. |
| 15 | Robert Bruno, General Manager Bronx Division: can testify to the end of Plaintiff's employment. | Inadequate, vague identification of subject of testimony |
| 16 | Thomas Burke, General Superintendent, MTA/MABSTOA: was present and can testify about Plaintiff's alleged disciplinary issues, Plaintiff's demotion, meeting held with Plaintiff and Defendant Caminero regarding demotion, Plaintiff's claims of discrimination and Plaintiff's ongoing complaints to the MTA about discrimination, hostile work environment and retaliation. | Inadequate, vague identification of subject of testimony |
| 17 | John McGahern, served as the General Superintendent at M.J. Quill Bus Depot in the year 2016 and addressed Plaintiff's previous religious accommodation request while a Bus Operator. | Failure to accommodate has been adjudicated in Defendants' favor. |
| 18 | Arlene Benjamin: can testify to Plaintiff's discrimination, harassment, and hostile work environment, particularly with the religious accommodation requests. | Failure to accommodate has been adjudicated in Defendants' favor. |
| 19 | SLD Joselito Valentine: can testify to Plaintiff's discrimination, harassment, and hostile work environment. | Plaintiff has not provided any information or documentation about this individual. |
| 20 | BO Stewart can testify to Plaintiff's discrimination, harassment, and hostile work environment. | Plaintiff has not provided any information or documentation about this individual. |

| 21 | BO (First Name Unknown) Maldonado: can testify to Plaintiff's discrimination, harassment, and hostile work environment. | Plaintiff has not provided any information or documentation about this individual. |
| 22 | BO Ochere (Last Name Unknown): can testify to Plaintiff's discrimination, harassment, and hostile work environment. | Plaintiff has not provided any information or documentation about this individual. |
| 23 | Latonya Crisp-Sauray, Recording Secretary TWU Local 100: can testify to Plaintiff's complaints about failure to provide religious accommodations. | Failure to accommodate has been adjudicated in Defendants' favor. |

## **CONCLUSION**

For the foregoing reasons, Defendant's motion *in limine* should be granted in its entirety.

Dated:   May 11, 2023

SCHOEMAN UPDIKE & KAUFMAN LLP

By: _Beth L. Kaufman_____
       Beth L. Kaufman
551 Fifth Avenue, 12th Floor
New York, NY 10176
(212) 661-5030
bkaufman@schoeman.com

*Attorneys for Defendants New York City Transit Authority (s/h/a "MTA New York City Transit"), Donald Houston, Phakeshia Murphy, and Alfredo Caminero (s/h/a "Alfred Caminero")*

17