Beth L. Kaufman
SCHOEMAN UPDIKE & KAUFMAN LLP
551 Fifth Avenue
New York, New York 10176
(212) 661-5030
*Attorneys for Defendants New York City Transit Authority*
*(s/h/a "MTA New York City Transit"),*
*Donald Houston, Phakeshia Murphy, and*
*Alfredo Caminero (s/h/a "Alfred Caminero")*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GENEVA AIKEN,

                Plaintiff,                      Case No.: 1:18-CV-11756-GBD-DF

    -against-

MTA NEW YORK CITY TRANSIT, DONALD
HOUSTON, *In His Individual and Official*
*Capacities*, PHAKESHIA MURPHY, *In Her*
*Individual and Official Capacities*, and ALFRED
CAMINERO, *In His Individual and Official*
*Capacities*,

                Defendants.
-------------------------------------------------------------------X

## DEFENDANTS' PRE-TRIAL MEMORANDUM OF LAW

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL AND PROCEDURAL BACKGROUND ........................................................................ 1

ARGUMENT ........................................................................................................................ 4

    I.   PLAINTIFF WILL NOT BE ABLE TO PROVE HER DISCRIMINATION CLAIMS AGAINST THE TRANSIT AUTHORITY OR CAMINERO (BOTH AS A DIRECT ACTOR AND AS AN AIDER AND ABETTOR) UNDER TITLE VII OR THE NYSHRL. ........................................................................... 4

    II.   PLAINTIFF WILL NOT BE ABLE TO PROVE HER CLAIMS FOR DISCRIMINATORY DEMOTION, RETALIATION AND HOSTILE WORK ENVIRONMENT UNDER THE NYCHRL. ........................................................ 7

        A.   Unlawful Discrimination Played No Role in Plaintiff's Demotion ................ 7

        B.   There Was No Causal Connection Between Any Protected Activity and her Demotion ................................................................................. 7

        C.   Plaintiff Was Not Subjected to a Hostile Work Environment ....................... 8

CONCLUSION ...................................................................................................................... 9

# **TABLE OF AUTHORITIES**

*Chavis v. Wal-Mart Sotres, Inc.*
   265 F. Supp. 3d 391 (S.D.N.Y. 2017)……………………………………………….5

*Espinoza v. New York City Dep't of Transportation,*
   304 F. Supp. 3d 374 (S.D.N.Y. 2018) ................................................................. 4

*Konteye v. New York City Dep't of Educ.,*
   No. 17-cv-2876 (GBD)(RWL), 2019 WL 3229068 (S.D.N.Y. July 18, 2019)….7, 9

*McDonnell Douglas Corp. V. Green,*
   411 U.S. 792 (1973) ...................................................................................... 5, 7

*Mereigh v. The New York Presbyterian Hospital,*
   2017 WL 5195236 (S.D.N.Y. 2017) ................................................................. 7

*Moore v. Metro. Transp. Auth.*
   999 F. Supp. 2d 482 (S.D.N.Y. 2013) ............................................................... 6

*Rightnour v. Tiffany & Co.,*
   354 F. Supp. 3d 511 (S.D.N.Y. 2019) ........................................................... 6, 7

*Rossbach v. Montefiore Med. Ctr.,*
   No. 19-cv-5758(DLC), 2021 WL 930710 (S.D.N.Y. Mar. 11, 2021) ................... 8

*Sharif v. Buck,*
   152 F. App'x 43 (2d Cir. 2005) ........................................................................5

*Smith v. New York Pres. Hosp.,*
   440 F. Supp. 3d 303 (S.D.N.Y. 2020) ............................................................... 8

*Weber v. City of New York,*
   973 F. Supp. 2d 227 (E.D.N.Y. 2013) ............................................................... 7

*Weinstock v. Columbia Univ.,*
   224 F.3d (2d Cir. 2000) ................................................................................... 6

## PRELIMINARY STATEMENT

Defendants New York City Transit Authority (the "Transit Authority") (s/h/a "MTA New York City Transit"), Donald Houston, Phakeshia Murphy, and Alfredo Caminero (s/h/a "Alfred Caminero") (collectively, the "Defendants"), by their attorneys, Schoeman Updike & Kaufman LLP, submit this pre-trial memorandum of law.

The evidence at trial will show that Defendants are not liable to Plaintiff Geneva Aiken ("Plaintiff") on her surviving claims alleging discriminatory demotion under Title VII and the New York State Human Rights Law ("NYSHRL") and discriminatory demotion, retaliation and a hostile work environment under the New York City Human Rights Law ("NYCHRL"). Plaintiff, a former probationary Surface Line Dispatcher who previously worked as a Bus Operator, had a well-documented history of poor job performance in her probationary position, extending throughout an entire year before she was instructed to return to her Bus Operator position, and she resigned from her position.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2016, Plaintiff was promoted from Bus Operator to probationary Surface Line Dispatcher. Throughout her probationary period, Plaintiff's job performance in the dispatcher position was unsatisfactory and failed to improve. She failed to perform basic job functions, such as dispatching buses on time. Her supervisors discussed her performance problems with her and documented her poor job performance in writing, including quarterly evaluations rating her job performance as "Unsatisfactory" in 23 different areas.

After a full year of unsatisfactory job performance as a probationary dispatcher, Plaintiff was returned from probationary Surface Line Dispatcher back to Bus Operator. She resigned on August 6, 2018.

In July 2017, Plaintiff asked for Sundays off to accommodate her religious beliefs. The Transit Authority granted this request, and Plaintiff never worked on a Sunday.

On February 4, 2021, Defendants moved for summary judgment on all of Plaintiff's claims pursuant to Fed. R. Civ. P. 56. On or about September 2, 2021, Magistrate Judge Freeman issued a Report and Recommendation recommending that Defendants' motion be granted in part and denied in part. (Report, Dkt. No. 70, at 68-69). On September 29, 2021, the Court (Daniels, D.J.) adopted the Report and Recommendation in full. (Order, Dkt. No. 74, at 2).

On September 29, 2021, this Court granted summary judgment as to Plaintiff's claims against Defendants, except as to the following surviving claims that remain for trial:

> 1. Under Title VII, the claim against the Transit Authority for discriminatory demotion based upon Caminero allegedly asking Plaintiff whether she would have come to work on Sundays, had she known she was going to be demoted, allegedly at the same time that he informed her of the decision to demote her to bus operator (Dkt. No. 70 at 49);

2. Under the NYSHRL, the claim against the Transit Authority and defendant Alfred Caminero, (both individually and as aider and abettor), for discriminatory demotion based upon Caminero allegedly asking Plaintiff whether she would have come to work on Sundays, had she known she was going to be demoted, allegedly at the same time that he informed her of the decision to demote her to bus operator (Dkt. No. 70 at 49);

3. Under the NYCHRL, the claims against the Transit Authority and Caminero for discriminatory demotion based upon Caminero allegedly asking Plaintiff whether she would have come to work on Sundays, had she known she was going to be demoted, allegedly at the same time that he informed her of the decision to demote her to bus operator (Dkt. No. 70 at 49);

4. Under the NYCHRL, the claims against the Transit Authority and Caminero for retaliatory demotion after Plaintiff allegedly engaged in protected activity when she asked the Transit Authority and Caminero to accommodate her religious observance of a Sunday Sabbath, after the Magistrate Judge and this Court concluded that there was an issue of fact as to whether Plaintiff's demotion constituted conduct "that would be reasonably likely to deter a person from engaging in protected activity;"

5. Under the NYCHRL, the claims against all Defendants for retaliatory demotion after Plaintiff engaged in protected activity when she asked Defendants to accommodate her religious observance of a Sunday Sabbath, after the Magistrate Judge and this Court concluded that there was an issue of fact as to whether alleged coercive or threatening comments allegedly made by Houston, Murphy and Caminero constituted conduct "that would be reasonably likely to deter a person from engaging in protected activity;" (Dkt. No. 70 at 64); and

6. Under the NYCHRL, the claims against all Defendants for a hostile work environment based on the alleged coercive and/or threatening comments allegedly made Houston, Murphy and Caminero regarding Plaintiff's religious accommodation.

## ARGUMENT

**I.   PLAINTIFF WILL NOT BE ABLE TO PROVE HER DISCRIMINATION CLAIMS AGAINST THE TRANSIT AUTHORITY OR CAMINERO (BOTH AS A DIRECT ACTOR AND AS AN AIDER AND ABETTOR) UNDER TITLE VII OR THE NYSHRL.**

In order to prove discrimination under Title VII and NYSHRL, a plaintiff makes out a *prima facie* case of discrimination by showing that (1) she belongs to a protected class; (2) she was qualified for the position at issue; (3) she suffered an adverse employment action; and (4) the action occurred under circumstances giving rise to an inference of discrimination. *Espinoza v. New York City Dep't of Transportation*, 304 F. Supp. 3d 374, 387 (S.D.N.Y. 2018). Discrimination claims

4

under Title VII and the NYSHRL are analyzed using the burden-shifting framework in *McDonnell Douglas Corp. V. Green,* 411 U.S. 792 (1973); *Chavis v. Wal-Mart Sotres, Inc.* 265 F. Supp. 3d 391, 398 (S.D.N.Y. 2017). If a plaintiff successfully presents a *prima facie* case, the burden shifts to defendant to proffer one or more legitimate, non discriminatory reasons for the adverse employment action. *Id.* To prevail on her case, the plaintiff must then demonstrate that the proffered reason or reasons are a pretext for discrimination. *Id.* (*citing U.S. v. City of New York*, 717 F.3d 72, 102 (2d Cir. 2013)). Where the adverse employment action resulted because of a plaintiff's unsatisfactory job performance, there is no inference of discrimination. *Sharif v. Buck*, 152 F. App'x 43, 44 (2d Cir. 2005).

Even if Plaintiff can satisfy the first three elements necessary to prove a *prima facie* case (membership in a protected class, i.e religion, qualification for the position, adverse employment action, i.e. demotion), she will be unable to prove that her demotion occurred under circmstances giving rise to an inference of discrimination. Here, the evidence demonstrates Plaintiff was demoted because of her unsatisfactory job performance. At least six supervisors or managers evaluated Plaintiff's performance as unsatisfactory. Plaintiff's quarterly evaluation was replete with unsatisfactory ratings Testimony from Transit Authority witnesses will further document Plaintiff's unsatisfactory work performance.

Plaintiff's proof appears to be limited to an alleged comment made by Caminero on the day she was notified she had to return to her prior position, which

5

even if it was said, is wholly insufficient to satisfy Plaintiff's burden. Plaintiff will be unable to prove that her demotion was motivated by discriminatory animus.

And even if Plaintiff satisfies her burden of setting forth a *prima facie* case, Defendants had a legitimate non-discriminatory reason for her demotion, which Plaintiff will be unable to prove is a pretext for discrimination. To establish pretext, plaintiff must show unlawful discrimination was the "real reason" for her demotion. *Rightnour v. Tiffany & Co.,* 354 F. Supp. 3d 511, 524 (S.D.N.Y. 2019). "To get to the jury, it is not enough to disbelieve the employer, the factfinder mut also believe the plaintiff's explanation of intentional discrimination." *Weinstock v. Columbia Univ.,* 224 F.3d, 33, 42 (2d Cir. 2000). The evidence demonstrates that her demotion was a result of her long-standing and well-documented unsatisfactory job performance, and not a pretext for discrimination, and thus no inference of discrimination may be drawn. Nor will Plaintiff be able to prove that the reason for her demotion was pre-textual by alleging that Defendants provided "shifting explanations" for her demotion, largely based on her own self-serving testimony, because Plaintiff's well-documented poor work performance long pre-dated her allegations of religious discrimination.

Because Plaintiff cannot carry her burden as to discriminatory demotion, there is no claim for aider and abettor liability as against Caminero, that can be submitted to the jury for consideration. *See Moore v. Metro. Transp. Auth.* 999 F. Supp. 2d 482, 510 (S.D.N.Y. 2013) (aiding and abetting only a viable theory where an underlying violation has taken place).

6

## II. PLAINTIFF WILL NOT BE ABLE TO PROVE HER CLAIMS FOR DISCRIMINATORY DEMOTION, RETALIATION AND HOSTILE WORK ENVIRONMENT UNDER THE NYCHRL.

### A. Unlawful Discrimination Played No Role in Plaintiff's Demotion

Discrimination claims under the NYCHRL are also subject to the *McDonnell Douglas* burden-shifting framework. *Konteye v. New York City Dep't of Educ.,* No. 17-cv-2876(GBD)(RWL), 2019 WL 3229068, at *6 (S.D.N.Y. July 18, 2019). Even under the broader standard applicable to claims under the NYCHRL as compared to claims under Title VII, if there is no evidence a plaintiff is treated less well because of his or her membership in a protected class or if unlawful discrimination played no role in the adverse employment decision, the claim fails. *Id.*; *Rightnour v. Tiffany & Co.*, 354 F. Supp. 3d at 523 (S.D.N.Y. 2019). Here, Plaintiff will be unable to carry her burden. Plaintiff has no evidence of any similarly situated probationary Surface Line Dispatcher who was allegedly treated more favorably than her. Her unsatisfactory job performance was the sole reason for her demotion.

### B. There Was No Causal Connection Between Any Protected Activity and her Demotion

To prove her retaliation claim under the NYCHRL, Plaintiff will need to offer evidence that establishes a causal connection between alleged protected activity and the alleged retaliatory conduct. *See Mereigh v. The New York Presbyterian Hospital,* 2017 WL 5195236 (S.D.N.Y. 2017) (no causal connection found between Plaintiff's request for religious accommodation and any alleged adverse employment action); *see also Weber v. City of New York,* 973 F. Supp. 2d 227, 273 (E.D.N.Y. 2013) (dismissing NYCHRL claim because of absence of causal connection). Plaintiff's

7

alleged protected activity of requesting a religious accommodation occurred in July 2017, and her unsatisfactory job performance pre-dated her request, as a probationary Surface Line Dispatcher, for Sundays off. Plaintiff's poor work performance was first documented in April 2017 (Dkt. No. 56-13), three months before she even requested a religious accommodation. Her poor work performance was consistently documented until her demotion in January 2018 (Dkt. No. 56-13.), the same day she first complained of discrimination. Accordingly, Plaintiff will be unable to prove a causal connection between her demotion and her request for a religious accommodation. Nor will Plaintiff be able to prove a causal connection between the purported comments by the individual defendants, even if made, as being made in retaliation to her request for a religious accommodation.

### C. Plaintiff Was Not Subjected to a Hostile Work Environment

While a hostile-work-environment claim under the NYCHRL is subject to a more permissive analysis than a similar claim under federal or state law, Plaintiff must still demonstrate "by a preponderance of the evidence that she has been treated less well than other employees because of her [protected characteristic]." *Rossbach v. Montefiore Med. Ctr.*, No. 19cv5758 (DLC), 2021 WL 930710, at *6 (S.D.N.Y. Mar. 11, 2021). Plaintiff must prove that the hostility directed at her "was motivated by" her religion. *Id.* To the extent Plaintiff's hostile work environment claim is based on alleged coercive and/or threatening comments by the individual defendants (which are disputed), such isolated remarks, even if true, cannot constitute a hostile work environment. *See Smith v. New York Pres. Hosp.*,

8

440 F. Supp. 3d 303, 347 (S.D.N.Y. 2020). Plaintiff will be unable to prove that the alleged comments, even if made, were caused, at least in part, by discriminatory motives. *Konteye*, 2019 WL 3229068, at *7. Here, to the extent Plaintiff can even prove that the alleged remarks were made (which are disputed and only supported by her own self-serving testimony), she will be unable to carry her burden of proving that the purported remarks were "tied directly to Plaintiff's requests for religious accommodation." (Dkt. No. 57, at 11).

## CONCLUSION

For the foregoing reasons, the evidence at trial will be insufficient for Plaintiff to carry her burden against Defendants on any of her remaining claims.

Dated: May 11, 2023

SCHOEMAN UPDIKE & KAUFMAN LLP

By: *[signature]*
    Beth L. Kaufman
551 Fifth Avenue
New York, NY 10176
(212) 661-5030

*Attorneys for Defendants New York City Transit Authority (s/h/a "MTA New York City Transit"), Donald Houston, Phakeshia Murphy, and Alfredo Caminero (s/h/a "Alfred Caminero")*

9